**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DAVID WILLIAMS
ADC # 78730                                                                                    PLAINTIFF


V.                                          2:07CV00114 JMM/HDY


HARMON *et al.*                                                                         DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

1

hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff David Williams, an inmate incarcerated at the East Arkansas Regional Unit of the

Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) and a "Memorandum

of Law in Support of Complaint" (docket entry #3), pursuant to 42 U.S.C. § 1983.  Having carefully

reviewed Plaintiff's Complaint, Memorandum, and Exhibits 1 - 300, pursuant to 28 U.S.C. §

1915A(a), the Court recommends this cause of action be dismissed, pursuant to Rule 8 of the Federal

Civil Procedure Rules.

### I.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.  28 U.S.C.  § 1915A(a).  The

Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.   28 U.S.C.   § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.   *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).   The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations.   *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).   A plaintiff's complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Analysis of Plaintiff's Claims

Plaintiff's Complaint lists allegations against forty-nine different Defendants for (at least) seven different types of claims over a period of years at two different units of the Arkansas Department of Correction.  Plaintiff's Complaint (docket entry #2) is forty-one pages long and has three hundred exhibits attached, totaling  approximately five hundred pages.  It is accompanied by a "Memorandum of Law in Support" (docket entry #3) that is sixty-two pages long.  The claims raised  run the gamut from retaliatory discipline (regarding charges that were dismissed and for which Plaintiff was never convicted) to freedom of expression to, ironically enough, claims that he has been denied access to the Courts because the Defendants limit his supply of paper and pens. In fact, Plaintiff states in his Complaint that he has filed this mammoth suit in one pleading because of his allegedly inadequate supply of stationery and ink.

Given that Plaintiff apparently had enough paper and ink to submit a six-hundred page pleading, this contention is not sufficient to free him from the requirements of Rule 8(a) and (e) of the Federal Rules of Civil Procedure, which specify that a complaint must contain a "short and plain statement" showing that the Plaintiff is entitled to relief."  Furthermore, "each averment . . . shall be simple, concise and direct."  Nothing in Plaintiff's Complaint, Exhibits, or Memorandum can be described as "short," "plain," or "simple."  In fact, this joining of multiple unrelated and legally distinct claims involving different Defendants, time periods and units appears only to be an attempt to circumvent the filing fee requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Given the complex and confusing nature of Plaintiff's unrelated claims, many of which have already been addressed at length in other cases that Plaintiff has filed, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A, nor would it be possible for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.  *See e.g. Trobaugh v. Hyatt*, 125 Fed.Appx 755 (8th Cir. 2005)(unpub. *per curiam*)(explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed.R.Civ.P. 8(a) and (e)); *Chandler v. Pogue*, 56 Fed.Appx. 756 (8th Cir. 2003)(unpub. *per curiam*)(holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for filing to comply with Fed.R.Civ.P. 8 and 10).

Accordingly, the Court recommends that this case be dismissed, without prejudice, so that Plaintiff may bring his various claims in separate actions.  Specifically, Plaintiff should re-file several separate complaints (with accompanying *in forma pauperis* applications) that each raise a few factually and legally related claims and that otherwise comply with Federal Civil Procedure Rule 8.  Under the circumstances, the Court further recommends that its previous Order granting *in forma*

4

*pauperis* status and assessing an initial partial filing fee should be revoked and the appropriate Arkansas Department of Correction officials be informed that no filing fee payments should be deducted from Plaintiff's account in this case.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that:

1.   Plaintiff's Complaint (docket entry #2) be DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Any pending motions should be DENIED AS MOOT;

2.   The Court's September 11, 2007 Order granting *in forma pauperis* status be revoked, and a copy of this Order be provided to the appropriate Arkansas Department of Correction officials to inform them that no filing fee assessments should be deducted from Plaintiff's inmate trust account in this case;

3.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1]; and

4.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this ___3___ day of October, 2007.

---

[1]  Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).

_____
UNITED STATES MAGISTRATE JUDGE