# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

DAVID WILLIAMS  
ADC # 78730                                                                                                      PLAINTIFF

V.                                          2:07CV00114 JMM

HARMON *et al.*                                                                                                DEFENDANTS

### ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young and the objections. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Partial Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (docket entry #2) is DISMISSED WITHOUT PREJUDICE for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Any pending motions are DENIED AS MOOT;

2. The Court's September 11, 2007 Order granting *in forma pauperis* status is revoked, and the Clerk of the Court is directed to provide a copy of this Order to the appropriate Arkansas Department of Correction officials to inform them that no filing fee assessments should be deducted from Plaintiff's inmate trust account in this case;

      3.    Dismissal of this action shall count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1]; and

      4.   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 15th day of October, 2007.

 

_____
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).